IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**UNITED STATES OF AMERICA**
                    **PLAINTIFF**

**V.**         **CIVIL ACTION NO.  2:12-CV-181-KS-MTP**

**$45,000.00 IN U.S. CURRENCY**        **DEFENDANT PROPERTY**

### ORDER

This matter is before the Court on the Plaintiff United States of America's (the "Government") Motion to Compel Claimant Kevin Charles Lawrence's Responses to Plaintiff's First Set of Requests for Production ("Motion to Compel") [14] and Motion to Strike Claim and Answer of Potential Claimant Kevin Charles Lawrence Pursuant to Rule G(8)(c)(i)(A) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Motion to Strike Claim") [15].  For the reasons stated below, both motions will be denied.

### Motion to Compel [14]

The Government seeks on order compelling Claimant Kevin Charles Lawrence's responses to its First Set of Requests for Production.  Mr. Lawrence served his responses to the subject discovery requests subsequent to the filing of the Government's Motion to Compel [14].  (*See* Notice of Service [17].)  The Government has not voiced any objection to the adequacy of Mr. Lawrence's discovery responses. Accordingly, this motion will be denied as moot.

### Motion to Strike Claim [15]

The Government seeks to strike Mr. Lawrence's claim to the $45,000 at issue in

this case pursuant to Rule G(8)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules").  This Rule provides in pertinent part that the Government may move to strike a claim at any time before trial due to a claimant's failure to comply with Rule G(5) or (6).  Supp. R. G(8)(c)(i)(A).  In turn, Supplemental Rule G(6) states that a claimant's responses to the Government's special "interrogatories must be served within 21 days after the interrogatories are served."  Supp. R. G(6)(b).  The Government asserts that Mr. Lawrence's failure to respond to its First Set of Special Interrogatories necessitates the striking of his claim.

Mr. Lawrence served his responses to the subject interrogatories subsequent to the filing of the Government's Motion to Strike Claim [15].  (*See* Notice of Service [16].)  The Government has not voiced any objection to the adequacy of these responses.  Although the responses were untimely under Rule G(6)(b), they were served prior to the discovery deadline set in this cause.  Under these circumstances, the Court finds that the Government has not suffered any undue prejudice due to the untimely service of Mr. Lawrence's interrogatory responses, and that Mr. Lawrence's claim should remain pending.  *Cf. United States v. Approximately $750,000.00 in U.S. Currency*, No. 10 Civ. 6069, 2011 WL 6155687, at *2-3 (S.D.N.Y. Dec. 8, 2011) (ordering the claimant to respond to the Government's special interrogatories, as opposed to striking his claim, in ruling on the Government's motion to strike, or in the alternative, to compel responses); *United States v. $12,914.00 in U.S. Currency*, 828 F. Supp. 2d 822, 824-25 (D. Md. 2011) (denying a motion to strike answer where there was only minimal delay resulting from the late filing of the answer and the Government did not allege any prejudice).

Conclusion

IT IS THEREFORE ORDERED AND ADJUDGED that the Government's Motion to Compel [14] is denied as moot.

IT IS FURTHER ORDERED AND ADJUDGED that the Government's Motion to Strike Claim [15] is denied.

SO ORDERED AND ADJUDGED this the 14th day of August, 2013.

                                    *s/Keith Starrett*
                                    UNITED STATES DISTRICT JUDGE