**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**UNITED STATES OF AMERICA**

**PLAINTIFF**

**V.**                                    **CIVIL ACTION NO.  2:12-CV-181-KS-MTP**

**$45,000.00 IN U.S. CURRENCY**                    **DEFENDANT
PROPERTY**

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on the Plaintiff United States of America's (the "Government") Motion for Summary Judgment [22].  Having considered the motion, the response, the record and the applicable law, the Court finds that the Government's request for summary judgment should be denied.

**<u>I.  BACKGROUND</u>**

This is an asset forfeiture proceeding in which the Government seeks $45,000.00 in U.S. currency seized from Kevin Charles Lawrence.  On October 12, 2012, the Government filed its Verified Complaint for Forfeiture *in Rem* (the "Complaint") [1] in this Court.  Subject matter jurisdiction is asserted under Title 28 U.S.C. §§ 1345 (United States as plaintiff) and 1355 (recovery or enforcement of any fine, penalty or forfeiture).  The Complaint asserts that the $45,000.00 is subject to forfeiture pursuant to 21 U.S.C. §§ 881(a)(6) and (h) of the Controlled Substances Act.  Subsection (a)(6) renders the following property subject to forfeiture:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6).  Subsection (h) specifies that the title to forfeited property vests "in the United States upon commission of the act giving rise to forfeiture under this section."  21 U.S.C. § 881(h).[1]

The factual bases underlying the Complaint [1] are detailed in the attached Affidavit in Support of Forfeiture  ("ASF") [1-1] executed by Task Force Agent Daniel Davis.  Agent Davis is a narcotics investigator employed by the Bay St. Louis, Mississippi Police Department.  He is also a Task Force Agent with the Drug Enforcement Administration ("DEA") in Gulfport, Mississippi.  (*See* ASF [1-1] at ¶ 1.)  On May 21, 2012, a Confidential Source ("CS") advised DEA agents in Gulfport that Kevin Charles Lawrence utilized his trucking company, KNP Trucking, LLC ("KNP"), to transport marijuana from the State of Texas to Hattiesburg.  (*See* ASF [1-1] at ¶ 2.)  The CS also informed the agents that Lawrence transported an undetermined amount of U.S. currency, which had been unloaded from a KNP truck along with several 55 gallon barrels of marijuana, to South Pine Mini Storage at 5423 U.S. Highway 49, Hattiesburg, Mississippi.  (*See* ASF [1-1] at ¶ 2.)  Also on May 21, the DEA agents learned that Lawrence rented storage unit #179 at South Pine Mini Storage, and officers from the Hattiesburg Police Department ("HPD") obtained a search warrant to search this unit.  (*See* ASF [1-1] at ¶¶ 3-4.)  On May 22, DEA agents and HPD officers searched unit

---

[1] A judicial determination of forfeiture, such as the one sought in this suit, is still necessary for the Government to perfect its title to the subject property.  *See United States v. 92 Buena Vista Ave., Rumson, N.J.*, 507 U.S. 111, 126-29, 113 S. Ct. 1126, 122 L. Ed. 2d 469 (1993).  Following a judgment of forfeiture, the Government's title to the property relates back "to the date of the commission of the act that made the specific property forfeitable."  *Id.* at 129.

#179 at South Pine Mini Storage and found a safe containing $45,000.00 in U.S. currency wrapped in a Dillard's shopping bag.  (*See* ASF [1-1] at ¶ 5.)

On November 27, 2012, Lawrence filed a Verified Claim of Ownership [5] in this action, stating that he maintained a full ownership interest in the subject $45,000.00. On December 14, 2012, Lawrence filed his Answer [6] to the Complaint [1], denying that the $45,000.00 is subject to forfeiture and requesting the return of the currency to him together with interest.

On August 9, 2013, the Government filed its Motion for Summary Judgment [22]. The Government contends that it is entitled to summary judgment because the $45,000.00 is subject to forfeiture pursuant to 21 U.S.C. § 881 for violations of 21 U.S.C. §§ 841 and 846,[2] and because Lawrence cannot show that he is an "innocent owner" of the currency under 18 U.S.C. § 983(d)(1).  Lawrence opposes the Government's motion.  (*See* Doc. Nos. [26], [27].)  The Court has fully considered the parties' positions and is ready to rule.

## II.  DISCUSSION

### A.    Standard of Review

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). Initially, the movant has "the burden of demonstrating the absence of a genuine issue of

---

[2] Generally, § 841 makes it unlawful for any person to distribute or possess with intent to distribute a controlled substance, while § 846 provides that any person attempting or conspiring to commit any offense under the Controlled Substances Act will be subject to the penalties prescribed for the underlying offense.

material fact." *Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).  If the movant meets this burden, the nonmovant must go beyond the pleadings and point out specific facts showing the existence of a genuine issue for trial.  *Id.*  "'An issue is material if its resolution could affect the outcome of the action.'"  *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)).  "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party."  *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence.  *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)).  When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party."  *Sierra Club, Inc.*, 627 F.3d at 138.  However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial."  *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted).  Summary judgment is mandatory "'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'"  *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d

Case 2:12-cv-00181-KS-MTP   Document 28   Filed 09/26/13   Page 5 of 12


759, 766 (5th Cir. 2011) (quoting *Celotex Corp.*, 477 U.S. at 322), *cert. denied*, 132 S. Ct. 2103 (2012).

### B.    Legal Standards for Forfeiture

The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Pub. L. No. 106-185, 114 Stat. 202, governs civil forfeiture proceedings in federal courts.  Under CAFRA, the Government must "establish, by a preponderance of the evidence, that the property is subject to forfeiture . . . ."  18 U.S.C. § 983(c)(1).[3]  Where "the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense."  18 U.S.C. § 983(c)(3).  Circumstantial evidence may be utilized by the Government to prove this connection.  *See United States v. $84,615 in U.S. Currency*, 379 F.3d 496, 501 (8th Cir. 2004) (citing *United States v. $10,700.00 in U.S. Currency*, 258 F.3d 215, 224 n.6 (3d Cir. 2001)).  Also, the Government is not required to establish a link between the currency and a specific drug transaction if forfeiture is sought pursuant to 21 U.S.C. § 881(a)(6).  *See United States v. $11,500.00 in U.S. Currency*, 710 F.3d 1006, 1013 (9th Cir. 2013) ("The government may meet its burden with sufficiently strong circumstantial evidence linking the currency to drug trafficking in general.").  Post CAFRA, the Government may not rely on hearsay

---

[3] Prior to the enactment of CAFRA, the Government was only required to show "probable cause" in order to meet its initial burden for forfeiture.  *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 508 (5th Cir. 2008).  "The legislative history surrounding CAFRA indicates that Congress was concerned about the ease with which the Government could seize property through the existing, pre-CAFRA, forfeiture procedures."  *Id.* at 509 n.2.

evidence in obtaining forfeiture and any affidavit submitted by either party must be based upon personal knowledge.  *See $92,203.00 in U.S. Currency*, 537 F.3d at 510.

If the Government meets its burden, the claimant must then prove by a preponderance of the evidence that he is an innocent owner.  *See id.* at 509.  "An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute."  18 U.S.C. § 983(d)(1).  As to property interests existing at the time the conduct giving rise to forfeiture took place, an "innocent owner" is one who either "(i) did not know of the conduct giving rise to forfeiture; or (ii) upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the  circumstances to terminate such use of the property."  18 U.S.C. § 983(d)(2)(A).[4]

## C.    Analysis

The Government asserts that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law on the following two issues:  (1) there is a substantial connection between the subject $45,000.00 and illegal drug activity, allowing for forfeiture pursuant to 21 U.S.C. § 881; and (2) Lawrence cannot establish that he is an "innocent owner" of the $45,000.00.  The Court finds that issues for trial exist with respect to the connection between the $45,000.00 and narcotics activity. Thus, no discussion of Lawrence's "innocent owner" defense is necessary.

The Government offers three bases for a substantial connection between the $45,000.00 and illegal drug activity.  First, the Government contends that "Lawrence's

---

[4] CAFRA provides a different definition of an "innocent owner" with respect to property interests acquired subsequent to the conduct giving rise to forfeiture.  *See* 18 U.S.C. § 983(d)(3)(A).

long history of involvement with illegal narcotics is highly probative of the Defendant Currency's connection to illegal drug activity." (Mem. of Auths. in Supp. of Mot. for SJ [23] at p. 6.) A claimant's record of involvement with illegal narcotics is a relevant consideration in determining whether the Government has made its case for forfeiture. *See, e.g.*, *United States v. Cunningham*, No. 12-3778, 2013 WL 1405207, at *2 (6th Cir. Apr. 9, 2013); *United States v. $147,900.00 in U.S. Currency*, 450 Fed. Appx. 261, 264 (4th Cir. 2011); *United States v. 90-23 201st St., Hollis, N.Y.*, 775 F. Supp. 2d 545, 564 (E.D.N.Y. 2011). In 2004, Lawrence pled guilty to, and was convicted of conspiring to distribute cocaine in Criminal Action Number 2:03cr18 in this Court. In December of 2006, Lawrence was caught with marijuana and $23,098 in cash during a routine traffic stop while he was on supervised release in connection with the aforementioned conviction. This incident resulted in Lawrence admitting guilt to violating a mandatory condition of his supervised release in Criminal Action Number 2:03cr18. In August of 2011, Lawrence was arrested for possession of marijuana. This arrest led to a separate civil forfeiture proceeding in this Court in which the Government sought forfeiture of $10,802.00 in U.S. currency, a 2005 Chrysler 300, and a 2007 Chevrolet Tahoe. *See* Civil Action Number 2:10cv7. The Government and Lawrence entered into a Consent Decree of Forfeiture [55] in Civil Action Number 2:10cv7, under which Lawrence agreed to forfeit his claim to the currency and the Government agreed to release the vehicles to Lawrence.

Second, the Government argues that Lawrence's failure to evidence a legitimate source for the $45,000.00 supports a finding that the currency is substantially connected to illegal activity. "[A] court may give 'considerable weight' to evidence that income is

-7-

substantially unsupported when there are 'limited incomes and significant debts during the relevant period.'"  *United States v. $61,200.00 in U.S. Currency*, 805 F. Supp. 2d 682, 691 (S.D. Iowa 2010) (quoting *United States v. $252,300.00 in U.S. Currency*, 484 F.3d 1271, 1275 (10th Cir. 2007)); *but cf. 90-23 201st St., Hollis, N.Y.*, 775 F. Supp. 2d at 565 ("[W]hile Young's unexplained income supports an inference of illegal activity, it does not support an inference of narcotics-related activity.")  The Government relies on certain tax records produced by Lawrence on this issue, and contends that the records for tax years 2006-2008 are critical because Lawrence was released from prison in 2006 and testified at deposition that the subject currency was put away during a six-month period between December of 2007 and June of 2008.  Lawrence's federal income tax returns for 2005 and 2007, respectively, list income in the amount of $1,002 and $1,947.  (*See* Doc. No. [23-4].)[5]  Lawrence's Mississippi income tax return for 2008 shows an adjusted gross income of *negative* $18,031.  (*See* Doc. No. [23-4].)

The Government points to the sheer volume of currency found in the safe in Lawrence's storage unit as the third reason why the $45,000.00 is substantially connected to illegal drug activity.  "Although not conclusive, the mere existence of . . . a large amount of cash in the context of a drug bust is 'strong evidence that the money was furnished or intended to be furnished in return for drugs.'" *United States v. $13,000.00 in U.S. Currency*, 858 F. Supp. 2d 1194, 1199 (D. Colo. 2012) (quoting *United States v. Currency, U.S. $42,500.00*, 283 F.3d 977, 981 (9th Cir. 2002)); *see*

---

[5] No tax returns for 2006 were placed in the record by the Government.

*also $61,200.00 in U.S. Currency*, 805 F. Supp. 2d at 688 ("A large amount of cash is 'strong evidence' connecting the money to illegal drug activities.").

The Court finds that the Government's showing supports an inference that the $45,000.00 is related to illegal drug activity.  However, that does not end the inquiry since Lawrence has responded in opposition to the Government's request for summary judgment.  Lawrence's opposition principally relies on his responses to the Government's special interrogatories and requests for production of documents.

In his response to Special Interrogatory No. 13 (made under penalty of perjury pursuant to 28 U.S.C. § 1746),[6] Lawrence identified three sources for the subject currency:  (1) the sale of a truck and trailer in December of 2011 for $35,000.00; (2) a settlement check in the amount of $4,000.00 received from Canal Insurance Company in September of 2011; and (3) "[a]ll other money . . . earned by me during the course of operating my trucking business."  (Doc. No. [27-1] at p. 6.)  Lawrence further provided that he could not recall the exact date he obtained any specific amount, but offered a potential date range of "2008 through 2011 and possibly early 2012", particularly while he was operating KNP Trucking.  (Doc. No. [27-1] at pp. 3, 6.)  Lawrence's document production includes, but is not limited to, copies of a 1099-MISC form for 2009 showing a $55,355.00 payment from RWI Transportation LLC to Lawrence d/b/a KNP Trucking, Lawrence's 2010 federal income tax return listing $54,984 in income (and $43,860 in expenses), his 2011 federal income tax return listing $84,205 in gross income (and

---

[6] Generally, this statute provides that unsworn declarations carry the same weight as sworn declarations if they include the following certification: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)."  28 U.S.C. § 1746.

$169,200 in total expenses), and the aforementioned $4,000.00 check from Canal Insurance Company.  The Government has not raised any objection to the Court's consideration of these documents in ruling on the subject motion.

Lawrence's July 26, 2013 deposition testimony is also relevant to the Court's consideration of the Government's request for summary judgment.  Of note, Lawrence affirmed the truth and accuracy of his responses to the Government's special interrogatories.  (*See* Doc. No. [23-1] at p. 6.)  Lawrence also claimed that he earned the $45,000.00 through legitimate means and disputed the Government's contention that the money was obtained through drug activity.  (*See* Doc. No. [23-1 at ECF p. 7].)  Furthermore, Lawrence appeared to indicate that the subject currency had been in the safe in the storage unit since the middle of 2008.  (*See* Doc. No. [23-1 at ECF pp. 27-28].)

The Court recognizes the apparent discrepancy between Lawrence's special interrogatory responses and deposition testimony as to the timing of his procurement of the subject currency.  It is well-settled in the Fifth Circuit that a party may not "defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony."  *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996) (citations omitted).  However, the Fifth Circuit has also held that in ruling on summary judgment, a trial "court must consider all the evidence before it and cannot disregard a party's affidavit merely because it conflicts to some degree with an earlier deposition." *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 893 (5th Cir. 1980) (citations omitted).  A party's conflicting testimony generally gives rise to an issue of credibility and it is the jury's role to weigh testimony and resolve credibility issues.  *See id.* at 893-94.  The

rules stated in *Kennett-Murray Corp.* and *S.W.S. Erectors, Inc.* are technically inapplicable here since Lawrence's deposition testimony postdates his special interrogatory responses and no affidavit is at issue.  Nonetheless, the Court finds that it would be improper to weigh the apparent conflict between Lawrence's responses and deposition testimony against him and to discount his prior responses in the context of the Government's request for summary judgment.  *Cf. EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 608, 612 n.3 (5th Cir. 2009) (reversing the trial court's grant of summary judgment and noting that the "very fact . . . the magistrate judge questioned Netterville about perceived discrepancies between her deposition and affidavit tends to indicate that the . . . judge was weighing evidence and resolving conflicts in the summary judgment evidence, and failing to give the plaintiff the benefit of all favorable inferences that could be drawn"); *Republic Fire & Cas. Ins. Co. v. Azlin*, No. 4:10cv37, 2012 WL 4482355, at *4 (N.D. Miss. Sept. 26, 2012) ("While Azlin's testimony is not a model of consistency, viewing the totality of Azlin's testimony in the light most favorable to him, to the extent a contradiction exists, it presents a question of credibility for the jury to resolve.").

Ultimately, Lawrence has submitted sufficient factual material to create a genuine issue for trial as to whether the $45,000.00 is substantially connected to illegal drug activity.  It is not the Court's task to assign weight or credibility to Lawrence and the Government's competing evidence on this issue at this stage of the proceedings.  *See Deville*, 567 F.3d at 164.  Accordingly, the Government's request for summary judgment will be denied.  *Cf. $11,500.00 in U.S. Currency*, 710 F.3d at 1013-15 (reversing the trial court's grant of summary judgment in favor of the Government due to the existence of

conflicting proof); *United States v. 3234 Washington Ave. N., Minneapolis, Minn.*, 480 F.3d 841, 844-46 (8th Cir. 2007) (same); *$61,200.00 in U.S. Currency*, 805 F. Supp. 2d at 692-93 (denying the Government's motion for summary judgment on the same basis); *United States v. $21,000 in U.S. Postal Money Orders*, 298 F. Supp. 2d 597, 605-06 (E.D. Mich. 2003) (same).

## III.  CONCLUSION

For the foregoing reasons:

IT IS ORDERED AND ADJUDGED that the Government's Motion for Summary Judgment [22] is denied.

SO ORDERED AND ADJUDGED this the 26th day of September, 2013.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE